FILED
MAR 19 2020
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| A.C.H.C., a minor, by and through her next friend and stepfather, JOSE C., *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM P. BARR, *et al.*<br><br>Defendants. | Case: 1:20−cv−00770<br>Assigned To : Moss, Randolph D.<br>Assign. Date : 3/17/2020<br>Description: Habeas Corpus/2255 (G−DECK)<br><br>Chief Judge Beryl A. Howell |

## MEMORANDUM AND ORDER

Jose C., an adult who has filed a habeas petition on behalf of his two minor stepchildren and his one minor biological child who are currently detained, has moved to proceed using only his last initial in place of his last name and to refer to his wife as "Ms. C.," Pets.'s Mot. for Leave to File Using Pseudonyms for Pets.'s Mother and Father/Stepfather ("Pets.'s Mot.") at 2, in their action seeking the children's "immediate[] release[] to the custody of their father." Pet. ¶ 1. Petitioners explain that "this case involves highly sensitive information involving sexual violence," and thus allowing not only the children to proceed under their initials, but to also cloak the identities of their parents would "protect[] Petitioners from the physical and mental anguish they would experience if their identities [were] disclosed to the public." Pets.'s Mot. at 1. For the reasons set forth below, the petitioners' motion is granted, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

---

[1] Under Local Civil Rule 40.7(f), the Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint." LCvR 40.7(f).

1

## I. BACKGROUND

Petitioners are three minor siblings who fled El Salvador where they "survived violence and death threats," "witnessed their mother being beaten," and where "their relatives have been murdered for refusing to provide information to the MS-13 gang about their whereabouts." Pet. ¶ 5. When they sought asylum in the United States, they were "separated from their father, mother, and sister/stepsister." *Id.* ¶ 1. They are now detained by the Office of Refugee Resettlement ("ORR") in a "shelter for unaccompanied immigrant children in Crofton, Maryland." *Id.* Petitioners have filed for habeas relief, claiming that "both the William Wilberforce Trafficking Victims Protection Reauthorization Act ('TVPRA')" and a binding settlement agreement "require the government to place Petitioners in 'the least restrictive setting appropriate to their age and special needs,' including release 'without unnecessary delay' to . . . their father." *Id.* ¶ 3. Indeed, they assert that their father, who resides just 50 miles from where they are currently being held, "has already completed the . . . paperwork and background checks" necessary to secure their release, and yet they remain in ORR detention. *Id.* ¶ 1.

## II. LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). The Federal Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in

2

the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)). Accordingly, "parties to a lawsuit must typically openly identify themselves in their pleadings," with "[b]asic fairness dictat[ing] that those among the defendants' accusers who wish to participate . . . as individual party plaintiffs must do so under their real names." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463–64 (D.C. Cir. 1995) (per curiam) (internal quotation marks and citations omitted).

Nevertheless, courts have, in special circumstances, permitted a party to proceed anonymously. The D.C. Circuit has instructed that "the appropriate way to determine whether a litigant may proceed anonymously is to balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure." *In re Sealed Case*, 931 F.3d at 96. When weighing those concerns, five factors, initially drawn from *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, "district courts should take into account other factors relevant to the particular case under consideration." *Id.* (quoting *Sealed Plaintiff v. Sealed Defendant*, 537

3

F.3d 185, 189–90 (2d Cir. 2008)). In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted'. . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

## III. DISCUSSION

At this early stage of the litigation, this Court is persuaded that the petitioners have met their burden of showing that the privacy interests of the minor children outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation. The public's interest in the identities of the children and their parents is *de minimis* compared to the significant privacy interests of the petitioners, children who have been severly traumatized and violently abused.

The Federal Rules already provide minor children the protection anonymity affords. FED. R. CIV. P. 5.2(a)(3) (allowing a minor child's initials to be substituted for his full name in court filings). Petitioners fret, however, that failing to extend that protection to the children's parents would "subject them and their family to retribution." Pets.'s Mem. of L. Supp. Pets.'s Mot. ("Pets.'s Mem.") at 1. Although the parents fear for their own safety should their identities become public, they are also concerned that "[r]evealing the names of Petitioners' parents in public documents preserved in perpetuity risks revealing the identities of Petitioners as well." Pets.'s Mem. at 9. In the main, then, the instant motion is about protecting the privacy and well-being of children. *See J.W. v. Dist. Of Columbia*, 318 F.R.D.

4

196, 199 (D.D.C. 2016) (noting that when a parent files on behalf of a child who wishes to stay anonymous, their "privacy interests are intractably intertwined").

The first factor courts are instructed to consider when ruling on these kinds of motions plainly weighs in the petitioners' favor. Petitioners do not hope to avoid mere "annoyance" or "criticism," *Sealed Case*, 931 F.3d at 97, but to prevent the public airing of their past traumas including having to witness the torture and abuse of their parents, the murder of their relatives, and the sexual assault suffered by one petitioner in the migrant tent camp where she was sent by U.S. officials to await an asylum decision. Pets.'s Mem. at 6–7. These incidents, detailed in their petition, undeniably qualify as "sensitive and highly personal" matters. *Sealed Case*, 931 F.3d at 97.

The petitioners also contend, with respect to the second factor, that both they and their parents "face a serious risk of retaliatory physical and mental harm." Pets.'s Mem at 8. Petitioners fled El Salvador after gang members allegedly began to "target[] the[ir] family for their religious activities." *Id.* at 6. They and their parents fear that, should they publicly identified, "the same individuals and gangs who threatened their family will seek out them and their children" for retaliation. *Id.* at 8–9. The outcome of the petitioners' asylum case "remains uncertain," and their complaints of gang violence on the public docket in the United States could lead to intensified abuse if they are forced to return to El Salvador. Moreover, the Petitioners, 16-, 14-, and 9-year-old children may suffer mental harm in the future when they learn that detailed descriptions of the trauma they suffered are available for the world to see.

The third factor, "the ages of the persons whose privacy interests are sought to be protected" also weighs in favor of allowing the petitioners to proceed anonymously. *Sealed*

*Case*, 931 F.3d at 97. As noted above, although the names that will be hidden are those of adults, this motion seeks to protect the privacy interests of their minor children. The anonymity afforded the minor petitioners by the Federal Rules of Civil Procedure "would be eviscerated unless the parent was also permitted to proceed using" a pseudonym. *J.W.*, 318 F.R.D. at 199.

As to the nonmoving parties' interests, allowing the petitioners to proceed under a pseudonym will have no impact on any private rights, as the only defendants are government agencies. The petitioners' identities, moreover, will be known to the defendants. Allowing the petitioners to proceed pseudonymously thus will not compromise the defendants' ability to defend this action and poses little "risk of unfairness to the opposing party." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008). Finally, any public interest in disclosing the identities of the petitioners or their parents is significantly outweighed by the privacy interests of the minor children involved in this case. Indeed, the protection of that very privacy interest is enshrined in the Federal Rules of Civil Procedure. FED. R. CIV. P. 5.2(a)(3).

In sum, weighed against the minimal apparent interest in disclosure, the petitioners' significant interest in maintaining their anonymity at this early stage in the litigation is more than sufficient to overcome any general presumption in favor of open proceedings. *See Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the petitioners' Motion for Leave to File Using Pseudonyms for Petitioners' Mother and Father/Stepfather is GRANTED, and the petitioners may proceed herein using only their initials and the initials of minor petitioners' parents/step-parents; it is further

**ORDERED** that the declarations attached to and providing a statement of the facts supporting the instant motion shall be sealed by the Clerk of this Court; and it is further

**ORDERED** that the defendants are prohibited from publicly disclosing the petitioners' or their parents' identities or any personal identifying information that could lead to the identification of the petitioners or their parents by nonparties, except for the purposes of investigating the allegations contained in the Complaint and for preparing an answer or other dispositive motion in response.

**SO ORDERED.**

Date: March 19, 2020

*[signature]*

BERYL A. HOWELL
Chief Judge